# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | William J. Hibbler | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 1875 | **DATE** | 8/20/2002 |
| **CASE TITLE** | Johnson v. Universal Financial Group, Inc. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

Defendant's Motion to Dismiss and to Compel Arbitration

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____ . Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing [held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference [held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial [set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs [by/agreement/pursuant to]
    ☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] For the attached reasons, the Court DENIES Defendant's motion to dismiss and to compel arbitration. Enter Memorandum Opinion and Order.

(11) ☐ [For further detail see order attached to the original minute order.]

| | |
|---|---|
| | No notices required, advised in open court. |
| | No notices required. |
| | Notices mailed by judge's staff. |
| | Notified counsel by telephone. |
| ✓ | Docketing to mail notices. |
| | Mail AO 450 form. |
| | Copy to judge/magistrate judge. |

courtroom deputy's initials

Date/time received in central Clerk's Office

number of notices

AUG 22 2002 date docketed

docketing deputy initials

date mailed notice

mailing deputy initials

Document Number

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

EDWARD E. JOHNSON, )
    Plaintiff, )
     ) CASE NO. 02 C 1875
v. )
     ) JUDGE WILLIAM J. HIBBLER
UNIVERSAL FINANCIAL GROUP, INC. )
    Defendant. )

## MEMORANDUM ORDER AND OPINION

Edward E. Johnson ("Plaintiff") alleges Universal Financial Group, Inc. ("Defendant") refused to process Plaintiff's rescission of his mortgage loan transaction and thus violated the Truth-in-Lending Act, 15 U.S.C. § 1635. Defendant responded that the parties agreed to arbitrate any dispute in connection with the loan transaction, pursuant to the document titled "Agreement for the Arbitration of Disputes" ("Agreement"), and filed the present motion to dismiss the complaint and compel arbitration under Federal Rule of Civil Procedure 12(b)(1). The briefing schedule set by the Court for the motion closed on August 15, 2002; Plaintiff filed a response, but Defendant did not file a reply. For the below reasons, the Court DENIES the motion to dismiss and compel arbitration.

### Standard of Review

In a motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1), the district court must accept as true all

1

well-pleaded factual allegations and draw reasonable inferences in favor of the plaintiff. *Ezekiel v. Michel*, 66 F.3d 894, 897 (7th Cir. 1995). If the defendant questions the jurisdictional allegations, then the plaintiff bears the burden of proving the jurisdictional requirements have been met. *Kontos v. United States Dep't of Labor*, 826 F.2d 573, 576 (7th Cir. 1987). In ruling on a 12(b)(1) motion to dismiss, the court may look beyond the complaint and consider additional evidence submitted by the parties when subject matter jurisdiction is at issue. *Ezekiel*, 66 F.3d at 897.

**Analysis**

In relevant part, the Agreement states "any dispute, regardless of when it arose, shall be settled, at your option or ours, by arbitration in accordance with this Agreement." (Agreement at p.1, ¶1.) A "dispute" is further defined as "any claim or controversy of any nature whatsoever arising out of or in any way related to the loan... or any other aspect of the loan transaction." (*Id.* at p.1, ¶3.) The American Arbitration Association administers each arbitration pursuant to its Commercial Arbitration Rules and the Federal Arbitration Act, 9 U.S.C. § 1, *et al.*. (*Id.* at p.1, ¶5.) Further, the Agreement states "[e]ither you or we can [request that a dispute be submitted to arbitration] before a lawsuit (which is usually initiated by the filing of a "complaint") has been served or within 60 days after a complaint, an answer, a counterclaim or an amendment to a complaint has been

2

served." (*Id.* at p.1, ¶4.) Plaintiff maintains Defendant's motion to compel arbitration pursuant to the Agreement is time-barred by the terms of the Agreement and Defendant has waived any right it may have had under the Agreement to compel arbitration.

First, the Court, not the arbitrator, is the proper decision maker to determine whether Defendant's request for arbitration was timely filed. The definition of "dispute" in the Agreement fails to include the Agreement itself, i.e. the Agreement is silent on the resolution of questions and issues regarding the Agreement's terms and conditions. Accordingly, the Court must decide whether it or an arbitrator is the proper forum to resolve questions arising out of the Agreement.

The critical inquiry for who decides the arbitrability of claims is the parties' intent when they entered into the Agreement, and the Supreme Court has conclusively addressed this matter. In *First Options of Chicago, Inc. v. Kaplan*, 514 U.S. 938 (1995), the Court held "just as the arbitrability of the merits of a dispute depends upon whether the parties agreed to arbitrate that dispute, ... so the question 'who has the primary power to decide arbitrability' turns upon what the parties agreed about that matter." *Id.* at 943. Since the issue of which forum must determine arbitrability is so critical, the Court instructed lower courts to "not assume that the parties agreed to arbitrate arbitrability unless there is clear and unmistakable evidence that

they did so." *Id.* at 944.

> "If the agreement contains clear and unmistakable evidence that the parties intended for the arbitrator to decide timeliness questions, then the court must allow the arbitrator to make that decision. However, if the parties' contract is silent on the issue, and there is no other evidence from which the court can clearly and unmistakably conclude that the parties intended for the arbitrator to decide the issue, then courts, not arbitrators, must determine whether the parties agreed to arbitrate specific claims or subject matter."

*Chicago Sch. Reform v. Diversified Pharm.*, 40 F.Supp.2d 987, 993 (N.D.Ill. 1999)(citing *First Options,* 514 U.S. at 944).

Here, this court, not an arbitrator, must decide the timeliness of Defendant's arbitration claim. The record fails to suggest the parties intended for the arbitrator to decide the timeliness of arbitration claims. Nothing in the Agreement indicates the parties intended the arbitrator to define its own jurisdiction. Rather, the Agreement states an arbitrator "is not authorized to change or alter the terms of this Agreement." (Agreement at p.1, ¶ 7.) In the absence of "clear and unmistakable evidence" showing otherwise, the Court must conclude the parties intended for the Court to resolve all disputes over arbitrability of claims, including time restrictions that limit the arbitration. *Id.*

Further, time constraints on arbitration proceedings are substantive and jurisdictional rather than procedural matters, and such questions of arbitrability must be decided by courts rather than arbitrators. *Geneva Securities, Inc. v. Johnson*, 138 F.3d

4

688-691-92 (7th Cir. 1998); *Smith Barney, Inc. v. Schell*, 53 F.3d 807, 809 (7th Cir. 1995); *Edwards D. Jones & Co. v. Sorrells*, 957 F.2d 509, 514 (7th Cir. 1992); *Chicago Sch. Reform*, 40 F.Supp.2d at 990. Regardless of where the time limit originated, whether it was from the parties' contract or a trade association rule, the effect on the question of arbitrability is the same: the court and not an arbitrator must decide if the parties have agreed to arbitrate the claims. In *Sorrells*, the court observed that a trade association's arbitration rules "limit the range of disputes the parties contractually agreed to arbitrate, thus limiting the jurisdiction of the ... arbitrators. The Supreme Court has made clear that defining the limits of arbitral jurisdiction is generally the function of courts, not arbitrators." *Sorrells*, 957 F.2d at 514. "Similarly, contractual terms that expressly prohibit arbitrating stale claims also 'limit the range of disputes the parties contractually agreed to arbitrate.'" *Chicago Sch. Reform*, 40 F.Supp.2d at 992 (quoting *Sorrells*, 957 F.2d at 514). Thus, the Court must ascertain the range of disputes the parties agreed to arbitrate and apply the limitation period to the facts of the case.

Here, the Agreement clearly provides for a sixty day window to pursue arbitration after a complaint has been served. The Agreement states "[e]ither you or we can [request that a dispute be submitted to arbitration] before a lawsuit (which is usually initiated by the filing of a "complaint") has been served or within

5

60 days after a complaint, an answer, a counterclaim or an amendment to a complaint has been served." (Agreement at p.1, ¶4.) As stated above, the Court must resolve any ambiguity in the Agreement and interpret the Agreement's terms and conditions. Plaintiff served the complaint upon Defendant on March 14, 2002. The Court granted Defendant leave to file this motion to compel arbitration on July 11, 2002, but the Court entered the motion on June 13, 2002 and the Plaintiff states the motion was filed on May 17, 2002. Each of these dates falls more than sixty days after Plaintiff served the complaint upon Defendant. Thus, the window for a party to mandate arbitration has closed and Defendant has waived any right it may have had to compel arbitration pursuant to the terms of the Agreement.

Finally, since arbitration under the Agreement is no longer an option, Plaintiff may pursue litigation in the courts. The Agreement suggests arbitration is not the only vehicle for a party to obtain relief. A party to the Agreement has the "option" of settling disputes through arbitration (Agreement at p.1, ¶1) and "can *request* that a dispute be submitted to arbitration." (Agreement at p1, ¶ 4) (emphasis added). Moreover, Plaintiff presumably brought his claim because he did not agree to arbitrate issues that are more than sixty days old. The Court will not simply disregard Plaintiff's rights and force him to arbitrate claims that are clearly stale and unarbitrable. The contract

clearly and unambiguously established a limitations period in which to mandate arbitration. Defendant may not argue Plaintiff agreed to arbitrate all disputes without qualification. Instead, the parties only agreed to arbitrate claims if a party requested arbitration before service of a lawsuit or within sixty days of service. Since both parties agreed to this conditional arbitration, the Court will not compel a party to endure an arbitration in which it has no legal duty to participate. *See AT&T Tech v. Communications Workers of America*, 475 U.S. 643, 648 (1986); *Chicago Sch. Reform*, 40 F.Supp.2d at 995-96.

## CONCLUSION

For the above reasons, the Court DENIES the motion to dismiss and to compel arbitration.

**IT IS SO ORDERED.**
**DATED**: August 20, 2002

WILLIAM J. HIBBLER, DISTRICT JUDGE